J-S05046-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE GUADALUPE CRUZ, | |
| Appellant | No. 1224 MDA 2016 |

Appeal from the PCRA Order Entered June 23, 2016
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000204-1993

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED MARCH 02, 2017**

Appellant, Jose Guadalupe Cruz, appeals from the trial court's June 23, 2016 order dismissing, without a hearing, his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. In addition, Appellant's counsel, Jamison Entwistle, Esq., petitions this Court for leave to withdraw as counsel pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988). Because we determine that we lack jurisdiction due to the untimeliness of Appellant's petition, we affirm the PCRA court's order and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

On October 13, 1994, Appellant pled *nolo contendere* to three counts of second degree murder, 18 Pa.C.S. § 2502(b). On that same day, he was sentenced to three consecutive terms of life imprisonment without the possibility of parole. He did not file a post-sentence motion or a direct appeal, and his judgment of sentence became final on November 14, 1994. *See* 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).[1]

Since that time, Appellant has filed two PCRA petitions, which were ultimately denied. On March 21, 2016, Appellant filed a third, *pro se* PCRA petition, which forms the basis of this appeal. In this present petition,

---

[1] Our review of the record shows that the thirtieth day after the entry of Appellant's judgment of sentence — which would ordinarily constitute the last day of the appeal period pursuant to Pa.R.A.P. 903 — fell on Saturday, November 12, 1994. We must omit that day and the following day, Sunday, November 13, 1994, from our computation of the appeal period. *See* Pa.R.A.P. 107 ("Chapter 19 of Title 1 of the Pennsylvania Consolidated Statutes (rules of construction) so far as not inconsistent with any express provision of these rules, shall be applicable to the interpretation of these rules and all amendments hereto to the same extent as if these rules were enactments of the General Assembly."); *see also* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation."). Therefore, the last day of the thirty-day appeal period fell on Monday, November 14, 1994.

Appellant sought to withdraw his pleas of *nolo contendere* and argued that his sentences of life imprisonment without the possibility of parole must be vacated based on the Supreme Court's holding in **Miller v. Alabama**, 132 S.Ct. 2455, 2460 (2012) (stating that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments'"). **See** "Petition for Relief under 42 Pa.C.S.[] § 9545," 3/21/2016, at 1 (unnumbered pages). In short, Appellant, who was 20 years old at the time of his crimes, claims that **Miller** should apply to him because he "suffered chronic traumatic abuse throughout childhood and adolescence[,] which delayed the physical maturity of [his] brain[.]" **Id.** at 2.

In response, the PCRA court gave Pa.R.Crim.P. 907 notice on May 5, 2016, that it intended to dismiss Appellant's PCRA petition without a hearing because it lacked jurisdiction pursuant to 42 Pa.C.S. § 9545. On May 20, 2016, Appellant submitted a *pro se* response, in which he asserted, *inter alia*, that the PCRA court, in fact, had jurisdiction because he filed his petition within sixty days from the date of the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), which held that **Miller** applies retroactively. **See** Appellant's "Application for Relief in Response to Forty-Five Day Notice of Intent to Dismiss," 5/20/2016, at 1

(unnumbered pages).[2]  Subsequently, on June 23, 2016, the PCRA court dismissed Appellant's PCRA petition without a hearing, explaining that the petition "has not been filed within one year of the date of judgment becoming final nor has [Appellant] specifically pled an exception to the jurisdictional time limits."  **See** PCRA Court Order, 6/23/2016.  More specifically, the PCRA court stated:

> [Appellant's] reliance on **Miller**…, as applied retroactively in **Montgomery**…, and **Commonwealth v. Secreti**, 2016 Pa. Super. 28[, 134 A.3d 77] (Pa. Super. 2016), is misplaced as those cases apply a constitutional right recognized by the United States Supreme Court which was held to apply retroactively. The claim currently being advanced by [Appellant] has not been recognized as a constitutional right by either the Supreme Court of the United States or the Supreme Court of Pennsylvania[,] nor has either Court ruled on the precise issue in favor of [Appellant].  Thus, exception to the timely filing of the Petition pursuant to 42 Pa.C.S.[] § 9545(b)(1)(iii) is inapplicable.

**Id.**  Thereafter, Appellant filed a timely, *pro se* notice of appeal.  On August 2, 2016, Attorney Entwistle was appointed to represent Appellant, and subsequently filed a timely concise statement of matters complained of on appeal on Appellant's behalf.  However, on November 7, 2016, Attorney

---

[2] Shortly thereafter, on May 31, 2016, Appellant also filed a Motion to Recuse, in which he requested that the Honorable Michael A. George of the Court of Common Pleas of Adams County recuse himself.  Acknowledging that he had "served as Adams County District Attorney during the period of time [Appellant's] initial PCRA petition was pending[,]" Judge George granted Appellant's motion "in order to avoid the appearance of impropriety[.]"  **See** PCRA Court Order, 6/7/2016.  As a result, Appellant's case was forwarded to the Honorable Thomas R. Campbell, also of the Court of Common Pleas of Adams County.

Entwistle filed with this Court a petition to withdraw as counsel and a "no-merit" letter pursuant to **Turner/Finley**.

In response, Appellant filed a *pro se* brief, raising the following issues for our review:

> 1. Whether the PCRA court erred when it determined that … [A]ppellant's *pro se* motion for post-conviction collateral relief was not timely filed[?]
>
> 2. Whether the PCRA court erred when it determined that even if … [A]ppellant's [*p*]*ro se* PCRA motion was timely filed[,] [A]ppellant still was not entitled to PCRA relief in the form of being granted a new trial because [A]ppellant's claim was not recognize[d] by the U.S. Supreme [C]ourt[?]

Appellant's Brief at 10 (formatting added).

Before addressing Appellant's claims, we must first determine whether counsel has satisfied the prerequisites of withdrawal. In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[3] which provides:

---

[3] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney Entwistle filed his
*(Footnote Continued Next Page)*

1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]

2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]

3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed pro se, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in [] light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

"Once counsel for the petitioner determines that the issues raised under the PC[R]A are 'meritless,' and the PC[R]A court concurs, counsel will be permitted to withdraw and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes." *Finley*, 550 A.2d at 215. The preceding sentence assumes that counsel filed the no-merit letter with the trial court. However, counsel "may

*(Footnote Continued)* ─────────────

petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in *Pitts* is inapplicable.

- 6 -

withdraw at any stage of collateral proceedings if he, in the exercise of his professional judgment, determines that the issues raised in those proceedings are meritless," **Commonwealth v. Bishop**, 645 A.2d 274, 275 (Pa. Super. 1994), and "the initial court before whom the request to withdraw is pleaded would logically be the tribunal making the ruling." **Finley**, 550 A.2d at 215 n.4. Attorney Entwistle filed his petition to withdraw with our Court; accordingly, we must determine whether he has complied with the **Turner/Finley** requirements.

In the case *sub judice*, Attorney Entwistle submitted to Appellant a copy of his no-merit letter. That letter sets forth each claim Appellant "wishes to have reviewed, and detail[s] the nature and extent of counsel's review of the merits of each of those claims[.]" **Friend**, 896 A.2d at 615. The letter also provides an explanation as to why each issue is without merit and wholly frivolous. Moreover, Attorney Entwistle advised Appellant of his right to retain new counsel, or to proceed *pro se*, and/or to provide this Court with any information that he deems worthy of our attention. Accordingly, we conclude that Attorney Entwistle has complied with the requirements necessary to withdraw as counsel.

Next, this Court must conduct its own independent review of the record in light of the issues presented in Appellant's PCRA petition. Our standard of review regarding an order denying post conviction relief is whether the determination of the court is supported by the evidence of record and is free from legal error. **Commonwealth v. Ragan**, 923 A.2d

- 7 -

1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). With respect to timeliness, the PCRA provides, in pertinent part, the following:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
> >
> > (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2).

In this case, as stated above, Appellant's judgment of sentence became final on November 14, 1994. Therefore, his present petition, filed on March 21, 2016, is clearly untimely, and Appellant must satisfy one of the

exceptions to the timeliness requirement set forth in section 9545(b)(1)(i)-(iii), *supra.* Appellant seemingly argues that he meets the 'retroactive constitutional right' exception of section 9545(b)(1)(iii) based on the Supreme Court's holding in **Miller.** In that case, as described *supra*, the Supreme Court established a new constitutional right by holding "that mandatory life without parole for those **under the age of 18 at the time of their crimes** violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" **Miller**, 132 S.Ct. at 2460 (emphasis added). After **Miller**, the United States Supreme Court issued **Montgomery**, clarifying that **Miller** applies retroactively. **Montgomery**, 136 S.Ct. at 735-36. This Court also held, in **Secreti**, that the date of the **Montgomery** decision is to be used when calculating whether a petition is timely filed under the 60-day rule of 42 Pa.C.S. § 9545(b)(2). **Secreti**, 134 A.3d at 82.

Initially, under the holding of **Secreti**, Appellant has complied with the 60-day rule of section 9545(b)(2), as his March 21, 2016 petition was filed 56 days after **Montgomery** was issued on January 25, 2016. Notwithstanding, Appellant has not demonstrated that the rule created in **Miller** applies to him. As the PCRA court observes, Appellant was born on December 12, 1971, and committed the offense for which he is now imprisoned on November 28, 1992. PCRA Court Opinion (PCO), 8/26/2016,

- 9 -

at 2. As such, Appellant was 20 years and 11 months old at the time of his crimes.[4] *Id.*

Nevertheless, on appeal, Appellant argues that the rule in *Miller* should apply to him because "the brain is immature until age 25[,]" and "[t]here is no legitimate basis for lowering the age of adulthood below the age of brain maturity; 25 years old." *See* Appellant's Brief at 13. We disagree, and have already rejected such arguments. Specifically, in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa. Super. 2013), the co-appellants, who were 19 and 21 years old at the time of their crimes, argued that *Miller* applied to them because a human brain does not fully develop until the age of 25, and because "it would be a violation of equal protection for the courts to treat them[,] or anyone else with immature brains, as adults." *Cintora*, 69 A.3d at 764. In denying these claims, this Court emphasized that the co-appellants' "contention that a newly-recognized constitutional right **should** be extended to others does not render their petition timely pursuant to section 9545(b)(1)(iii)." *Id.* (emphasis in original).

We recently reaffirmed *Cintora's* holding in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). In that case, the appellant — who was 19 years old when he committed his crimes — advanced an argument

---

[4] Appellant does not contend that he was under 18 at the time he committed his crimes.

similar to Appellant's, insisting that he "may invoke **Miller** because he was a 'technical juvenile'" based on "neuroscientific theories regarding immature brain development…." **Id.** at 94. Relying on **Cintora**, we reiterated that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the **Miller** decision and therefore may not rely on that decision to bring themselves within the time-bar exception in Section 9545(b)(1)(iii)." **Id.**

Based on our holdings in **Cintora** and **Furgess**, it is clear that the rule announced in **Miller** cannot apply to Appellant, who was 20 years and 11 months old when he committed the offenses for which he is now imprisoned. Appellant's arguments that **Miller** should apply to his case do not satisfy the timeliness exception of section 9545(b)(1)(iii). Therefore, after our review of the record and Appellant's claims, we agree with Attorney Entwistle that Appellant's PCRA petition is meritless.[5]

_____

[5] We acknowledge that, in addition to his claims related to **Miller**, Appellant seems to raise issues regarding the ineffective assistance of his trial counsel and the validity of his plea in his third PCRA petition. He states that "[a]t no time did I consent to enter this plea due to my mental incapacity[,]" and that his trial counsel gave him incompetent advice regarding his plea. **See** "Petition for Relief under 42 Pa.C.S.[] § 9545," 3/21/2016, at 7-8 (unnumbered pages). In his no-merit letter, Attorney Entwistle notes that these issues have already been litigated in Appellant's prior PCRA actions. Based on our review of the record, we reach the same conclusion. In his first PCRA petition, filed on July 25, 2000, Appellant contended that his counsel was incompetent and that he was "coerced into a plea of nolo contendre [*sic*], whereas [his] mental conditions [] warrant[ed] a penalty phase hearing or an insanity defense[.]" **See** PCRA Petition, 7/25/2000, Exhibit 1, at 1, 6 (unnecessary capitalization and emphasis omitted). *(Footnote Continued Next Page)*

Order affirmed.  Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2017

---

*(Footnote Continued)* _____

Because Appellant has already litigated these issues, we agree with Attorney Entwistle that these issues do not entitle Appellant to relief.  ***See*** 42 Pa.C.S. § 9543(a)(3) (stating that, to be eligible for relief, the petitioner must, among other things, plead and prove by a preponderance of evidence that "the allegation of error has not been previously litigated or waived"); 42 Pa.C.S. § 9544(a)(3) (explaining that an issue has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence").