412 A.2d 594

COMMONWEALTH of Pennsylvania

v.

**Grady BISHOP, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1979.

Filed Oct. 19, 1979.

Lewis S. Small, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

The defendant was tried by a judge without a jury and convicted of second degree murder, robbery, burglary and conspiracy. The defendant filed post-verdict motions which were disposed of, and he has appealed. The defendant contends that the evidence was insufficient to convict him of murder because he was merely present when the other man beat upon the decedent, and was therefore not an accomplice. We disagree that the evidence was insufficient and will affirm.

The evidence reveals that the defendant and another man broke down the door of an apartment, entered the apartment, and ransacked it. The other man beat upon the occupant of the apartment, who later died from the wounds inflicted. The defendant was armed. Another occupant of the apartment house entered while the parties were in the apartment, and the defendant directed the incoming dweller to go upstairs to his own apartment. Shortly thereafter, the defendant and his companion left the premises, and the defendant was seen carrying a television set. Earlier that evening, the defendant and his companion had visited a relative to whom they indicated an intent to commit a robbery at the premises in which these events took place.

Section 306 of the Crimes Code, 18 Pa.C.S.A. 306(c)(1)(ii), defines an accomplice as a person who "with the intent of promoting or facilitating the commission of an offense, he: aids or agrees or attempts to aid such other person in planning or committing it." It is perfectly clear from the above-recited evidence that this defendant was indeed an accomplice and therefore responsible as if he were the principal felon. It is clear that the defendant and his

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

companion set out with the intention of committing a robbery, and did so, and the defendant was armed. In addition, the defendant reaped the rewards of the robbery in that he took the television set. This case is similar, as to accomplices, to the cases of *Commonwealth v. Smith*, 480 Pa. 524, 391 A.2d 1009 (1978), and *Commonwealth v. Dussinger*, 478 Pa. 182, 386 A.2d 500 (1978).

We hold, therefore, that the evidence was more than sufficient to sustain the conviction, and the lower court is hereby affirmed.