580 A.2d 1391

**COMMONWEALTH of Pennsylvania**

**v.**

**Rodney BLACK, Appellant.**

Superior Court of Pennsylvania.

Submitted July 2, 1990.

Decided Oct. 24, 1990.

Mitchell S. Strutin, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Comm., appellee.

Before OLSZEWSKI, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This is a direct appeal from a judgment of sentence entered in the Court of Common Pleas of Philadelphia County. For the reasons that follow, we affirm.

The facts underlying this appeal, as determined by the trial court, are as follows:

On January 20, 1989, at approximately 10:00 a.m., Officer Steven C. Johnson was watching television in his second floor apartment at 5700 North Marvine Street. At that time he heard someone ringing the front door bell and knocking very hard on the outer vestibule door. He then went downstairs to the vestibule and observed [appellant] ringing the door bell and knocking on the door.

Officer Johnson observed [appellant] for approximately two minutes ringing the door bell and knocking on the door. [Appellant] then walked down the front steps and picked up a piece of metal. He then came back up the steps with the piece of metal and placed it in a groove between the window and the window sill. [Appellant] attempted to pry the window open for approximately five minutes. He then walked to the rear of the property where he was arrested.

At trial, appellant was found guilty of attempted criminal trespass. Subsequently, appellant did not file post-verdict motions. Appellant now raises one issue for our consideration: was trial counsel ineffective for failing to file a post-trial motion challenging the sufficiency of the evidence? We reject this contention for the reasons outlined below.

Claims of ineffectiveness of counsel are subject to a three part analysis. First, it must be demonstrated that the underlying claim is of arguable merit. Next, it must be determined whether counsel's choice of action had some reasonable basis designed to effectuate his client's interests. Finally, a showing must be made of how counsel's choice of action prejudiced the client. *Commonwealth v. Tavares,* 382 Pa.Super. 317, 321, 555 A.2d 199, 201 (1989) (*citing Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987)). The law presumes that counsel was effective, so that the burden of establishing ineffectiveness rests squarely upon the defendant. *Commonwealth v. Chin,* 373 Pa. Super. 163, 540 A.2d 573 (1988). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Silo,* 509 Pa. 406, 502 A.2d 173, (1985); *Commonwealth v. Cook,* 383 Pa.Super. 615, 557 A.2d 421 (1989).

As noted *supra,* appellant contends that trial counsel rendered ineffective assistance for failing to preserve for appellate review the issue of the sufficiency of the evidence to sustain his conviction for attempted criminal trespass. Specifically, appellant argues that the verdict in this case was based on conjecture since the evidence proffered was "as consistent with an attempt to commit or actual commission of criminal mischief as it is with attempted criminal trespass." We disagree.

We are constrained to review an insufficiency claim in the light most favorable to the Commonwealth, to draw all proper inferences from the evidence in such light, and to determine whether the jury could reasonably have found that all the elements of the crime were established beyond a

reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 555 A.2d 818 (1989). It is the prerogative of the fact-finder to believe all, part, or none of the evidence presented. *Commonwealth v. Lyons*, 382 Pa.Super. 438, 555 A.2d 920 (1989). Furthermore, a determination as to the credibility of witnesses is within the sole province of the trier of fact. *Commonwealth v. Jackson*, 506 Pa. 469, 485 A.2d 1102 (1984).

Viewed in a light most favorable to the Commonwealth, the evidence in this case established appellant's guilt with regard to the crime of attempted criminal trespass. Our legislature has defined an attempt as follows:

§ 901. Criminal attempt

(a) Definition of attempt.—A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime

18 Pa.C.S.A. 901(a). Criminal trespass is defined as follows:

A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

. . . . .

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

. . . . .

As used in this subsection:

"Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

18 Pa.C.S.A. § 3503(a)(1)(ii) and (3).

In this case, appellant was observed by Officer Johnson for approximately five minutes as he tried to pry open a window to Johnson's home. Our review of the record also reveals that Johnson testified at trial that he neither knew appellant nor had given him permission to enter the home. Clearly, this behavior exhibited by appellant constituted a "substantial step" to enter Johnson's home by force.

While appellant argued at trial that he was not trying to pry open the window and was only searching for his friend Wendy, the court was free to believe all, part, or none of the evidence presented. *See Lyons, supra.* Thus, the lower court's rejection of his version of the facts as well as its acceptance of Officer Johnson's testimony was well within its province as the sole trier of fact. *See Jackson, supra.*

Most importantly, we reject appellant's argument that the verdict in this case was based on conjecture since the evidence proffered was "as consistent with an attempt to commit or actual commission of criminal mischief as it is with attempted criminal trespass." While the facts proffered in this case may have supported a conviction of criminal mischief, the Commonwealth did not charge appellant with that crime. Instead, appellant was charged with attempted criminal trespass. Appellant does not proffer, nor can we find, any case law or statutory basis requiring the Commonwealth to charge appellant with attempted criminal mischief.

Therefore, we reject appellant's sufficiency argument since the evidence proffered by the Commonwealth in this case adequately supported the attempted criminal trespass conviction. Moreover, we find that trial counsel cannot be considered ineffective for failing to assert the meritless insufficiency claim. *See Silo, supra.*

Judgment of sentence affirmed.