J. S50004/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| REGINALD WORTHY, | : | No. 775 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order, March 6, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0009966-1987

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED OCTOBER 14, 2014**

This is a ***pro se*** appeal of an order dated March 6, 2013, in the Court of Common Pleas of Allegheny County that dismissed appellant's first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Finding no error, we will affirm.

Appellant entered a general plea to criminal homicide on February 24, 1988, for the murder of an unarmed security guard during the robbery of a convenience store.  He was found guilty of first degree murder after a subsequent degree of guilt hearing, and was sentenced to life imprisonment on March 8, 1989.  Post-trial motions were filed and denied on May 22, 1989.  No direct appeal was taken.

On August 9, 2012, appellant filed the subject PCRA petition, and Charles R. Pass, III, Esq., was appointed to represent him.  On November 5,

2012, Attorney Pass filed a motion to withdraw as counsel and a "no-merit letter" pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**). Attorney Pass asserted the petition was untimely and not subject to any exceptions under the PCRA. By order dated February 12, 2013, and docketed on February 21, 2013, the PCRA court granted the motion to withdraw and gave notice of intention to dismiss the PCRA petition in accordance with Pa.R.Crim.P. 907, 42 Pa.C.S.A. The PCRA petition was dismissed on March 7, 2013. This appeal followed in which appellant raises several claims of PCRA counsel's ineffectiveness.[1]

Counsel may withdraw at any stage of collateral proceedings if, in the exercise of his or her professional judgment, counsel determines that the issues raised in those proceedings are without merit, and if the court concurs with counsel's assessment. **Commonwealth v. Bishop**, 645 A.2d 274, 275 (Pa.Super. 1994). However, before PCRA counsel may withdraw, he must provide the PCRA petitioner with a copy of the petition to withdraw that includes a copy of both the no-merit letter and a statement advising the petitioner that, in the event the PCRA court grants the petition to withdraw, the petitioner has the right to proceed **pro se**, or with the assistance of privately retained counsel. **Commonwealth v. Widgins**, 29 A.3d 816, 818

---

[1] Appellant's concise statement of errors complained of on appeal lists three issues. Appellant's **pro se** brief raises five issues two of which were not preserved.

(Pa.Super. 2011). Instantly, our review of the record indicates that both PCRA counsel and the PCRA court have fulfilled their legal obligations pursuant to **Turner**/**Finley**.

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Franklin**, 990 A.2d 795, 797 (Pa.Super. 2010). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.** A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa.Super. 2007), **appeal denied**, 597 Pa. 715, 951 A.2d 1163 (2008).

Here, appellant had until January 16, 1997 to file a timely PCRA petition pursuant to a grace proviso provided for first PCRA petitions under the PCRA. **See Commonwealth v. Alcorn**, 703 A.2d 1054 (Pa.Super. 1997), **appeal denied**, 724 A.2d 348 (Pa. 1998). The instant petition, filed August 9, 2012, is manifestly untimely and cannot be reviewed unless appellant invokes a valid exception to the time bar of the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant specifically invoked the after-discovered facts exception asserting he was incompetent at the time of

trial and "only recently" regained his competence. Appellant relies on the case of **Commonwealth v. Cruz**, 852 A.2d 287 (Pa. 2003). In **Cruz**, appellant shot and killed three people and injured four others. Appellant then attempted suicide and shot himself in the head. **Id.** at 288. The Pennsylvania Supreme Court found that "mental incompetence at the relevant times, if proven, **may** satisfy the requirements of Section 9545(b)(1)(ii), in which case, the claims defaulted by operation of that incompetence may be entertained." **Id.** (emphasis in original).

In **Commonwealth v. Liebensperger**, 904 A.2d 40 (Pa.Super. 2006), this court further analyzed the **Cruz** decision. We reasoned:

> Unlike the appellant in **Cruz**, whose defense counsel admitted he could not meaningfully participate in his own defense, Appellant was deemed able to cooperate with his attorney in his own defense by Dr. Rotenberg. Also unlike the appellant in **Cruz**, who was at no point deemed competent to stand trial, Appellant was determined to be competent by Dr. Rotenberg prior to the guilty plea and sentencing. The type of chronic mental illness suffered by Appellant is fundamentally different than the effects and circumstances surrounding the appellant's indisputable physical injury to his brain in **Cruz**, where the self-inflicted gun shot wound resulted in impaired brain function such that, during the several years preceding his appeal, the appellant was unable to understand the facts of his case, and could only file a PCRA petition years later, after the injury to his brain had healed. Because the record in **Cruz** indicated that the injury suffered by the appellant could heal over time, he may have been able to establish that he filed his petition within the sixty day requirement for exceptions to the PCRA time bar. **Cruz**, **supra**, at 329, 852 A.2d at 288; 42 Pa.C.S.A. § 9545(b)(2).

Accordingly, the Court in **Cruz** remanded the matter for a limited hearing where the appellant was afforded the opportunity to prove that he was and remained incompetent throughout the period during which his right to file a PCRA petition had lapsed, and the appellant's current petition was filed within sixty days of his return to competence.

¶ Comparatively, Appellant in the instant case has offered nothing to indicate when, if ever, the crucial point in time at which he passed from incompetence to competence may have actually occurred, discussing only his chronic mental illness. Appellant has failed to offer any evidence or suggested reasons as to the cause of his lapse into incompetence after Dr. Rotenberg's evaluation. Similarly, Appellant has not asserted in his petition even an estimate of the timing or duration of the periods of incompetence he allegedly suffered after his evaluation. Further, Appellant has made no assertions, and there is nothing in the record to indicate, that his condition is of the type that may have recently improved or changed so that he has only recently returned to the degree of competence required to file a PCRA petition. Since Appellant has not provided the aforementioned evidence or proofs, he is unable to establish that he filed his petition within the sixty-day requirement of the PCRA, or that he requires a hearing to determine if he has met this requirement. Therefore, Appellant has failed to meet his pleading requirements under the PCRA. 42 Pa.C.S.A. § 9545(b).

*Id.* at 48.

Instantly, the record indicates appellant had a bullet lodged in his brain at the time of trial,[2] and while one doctor "more or less" opined that appellant might seek to be found guilty but mentally ill, at no time was

---

[2] Defense counsel indicated this injury was the result of an accident. (***Id.*** at 5.)

appellant found incompetent to stand trial or to be sentenced. (Notes of testimony, 3/8/89 at 5-6.) The record shows appellant sent a letter to the trial court judge dated October 22, 1998, stating, "I have filed a Petition for Notes of Testimony and Sentencing Note, in order to effectuate a collateral appeal." (Certified record, Document #A32.) On November 24, 1998, the trial court judge entered an order directing the requested records be provided to appellant.

In his **pro se** PCRA petition, appellant stated:

> . . . after 20 years of suffering numerous mental disorders, and medical treatment for the recorded mental disorders, as recorded by the Mental Health Department as S.C.I. Cresson, PA, Petitioner gained enough competency to address Attorney Thomassey; about his appeal, and on September 23, 2010, Attorney Thomassey finally responded . . .

Document #26 at 7. Appellant acknowledges an improvement in his condition at some point prior to September 23, 2010. Appellant proceeded to file a motion for transcripts on November 19, 2010. Yet, the record indicates appellant's **pro se** PCRA petition was filed on August 9, 2012.[3] Clearly, appellant failed to file his PCRA petition within 60 days of returning to competence. **See** 42 Pa.C.S.A. § 9545(b)(2).

The PCRA court addressed appellant's competency as follows:

> [T]he record contradicts any assertion that [appellant] suffered from a period of incompetency since his trial which rendered the facts upon which

---

[3] According to Attorney Pass, a **pro se** filing on March 4, 2011, does not appear in the Department of Court Records' files. (No-merit brief at 4.)

his substantive PCRA claims would be based unknowable to him. [Appellant] repeatedly asserted that he intended to file a PCRA petition, clearly cognizant of his right to do so, and yet failed to file a timely petition.

Finally, even assuming that [appellant] was suffering from some degree of incompetency in 1989 and 1998, despite stating his intention to file PCRA petitions, his allegations in the instant petition and his letter to Attorney Thomassey sometime before June 23, 2010, as referred to above, establish a date prior thereto when he regained his competency. As required by *Cruz*, [appellant] was required to file a PCRA petition within 60 days of the time when he became competent. [Appellant] has acknowledged that he "gained enough competency to address Attorney Thomassey, about his appeal sometime before June 23, 2010 but fails to state any specific date. Even assuming that the date was June 22, 2010, which is unlikely given that their communication was by mail, [appellant] would have had to have filed his PCRA Petition on or before August 22, 2010. The earliest date that any filing is recorded after June 22, 2010 is November 19, 2010, which is the Motion for Transcripts, which does not constitute a PCRA Petition, and would be untimely in any event. Further, assuming that [appellant] attempted to file a PCRA petition, which was not recorded, as referred to in his letter of March 1, 2011 to the Department of Court Records, any such Petition would likewise have been untimely. [Appellant] states in his letter that it was filed "approximately four months ago" which would have placed the filing of this alleged PCRA petition on approximately November 1, 2010, prior to his third request for the trial transcripts, which was recorded in the docket on November 19, 2010.

Trial court opinion, 1/9/14 at 9-10.

- 7 -

Based on the foregoing, appellant's PCRA petition was untimely, and the PCRA court was without jurisdiction to consider appellant's substantive claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014