J-A20045-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIA CALIPO, | : | |
| | : | |
| Appellant | : | No. 30 WDA 2018 |

Appeal from the PCRA Order December 4, 2017
in the Court of Common Pleas of Erie County,
Criminal Division at No(s):  CP-25-CR-0000097-2017

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                FILED DECEMBER 27, 2018

Julia Calipo ("Calipo") appeals from the December 4, 2017 Order dismissing her Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  See 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 6, 2017, Calipo entered an open guilty plea to false statements, under the Public Welfare Code, relative to her application for federal food stamps.  See 62 P.S. § 481.  The trial court sentenced Calipo to 36 months of probation.  Calipo did not file a direct appeal.

On July 21, 2017, Calipo, pro se, filed the instant PCRA Petition.  The PCRA court appointed Calipo counsel, who filed a supplemental PCRA Petition. After filing a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, the PCRA court dismissed the Petition without a hearing.  Calipo filed a timely Notice of Appeal and court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Calipo raises the following question for our review: "Whether [Calipo's] entry of a guilty plea was invalid given [the] threats and coercion exerted by defense counsel[,] and the failure of counsel to recognize and present a viable defense?" Brief for Appellant at 2 (capitalization omitted).

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

Commonwealth v. Ford, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Calipo claims that her plea counsel, Nicole D. Sloane, Esquire ("Attorney Sloane"), unlawfully induced her to plead guilty. Brief for Appellant at 4-5. Calipo argues that Attorney Sloane advised her that "you will lose at trial," and "bullied" her into pleading guilty. Id. at 4. Calipo claims that she is innocent of the charges, and that Attorney Sloane's ineffectiveness caused her to enter an involuntary guilty plea. Id. at 4, 5.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." Commonwealth v. Mitchell, 105 A.3d 1257, 1272 (Pa. 2014) (citations omitted). To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable

adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish that "the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that [a]ppellant was prejudiced." Commonwealth v. Charleston, 94 A.3d 1012, 1020 (Pa. Super. 2014), "Where it is clear that a petitioner has failed to meet any of the three, distinct prongs of the ... test, the claim may be disposed of on that basis alone, without a determination of whether the other two prongs have been met." Commonwealth v. Steele, 961 A.2d 786, 797 (Pa. 2008).

"Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002) (citations and internal quotation marks omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on [a]ppellant." Commonwealth v. Ousley, 21 A.3d 1238, 1242 (Pa. Super. 2011). Additionally, "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" Commonwealth v. Hall, 867 A.2d 619, 632 (Pa. Super. 2005).

The PCRA court set forth the relevant law, addressed Calipo's ineffectiveness claim, and determined that it is without merit. See Notice of Intent to Dismiss, 11/3/17, at 3-5. We adopt the sound reasoning of the PCRA

court for the purpose of this appeal, and affirm on this basis. See id.; see also Commonwealth v. Yeomans, 24 A.3d 1044, 1047 (Pa. Super. 2011) (stating that a person who elects to plead guilty is bound by the statements he made during the plea colloquy, and may not later assert grounds for withdrawing the plea which contradict those statements); Commonwealth v. Shekerko, 639 A.2d 810, 815 (Pa. Super. 1994) (concluding that because appellant's plea was knowingly entered, plea counsel was not ineffective).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2018

Circulated 11/21/2018 01:28 PM

COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                        : OF ERIE COUNTY, PENNSYLVANIA
                  v.               : CRIMINAL DIVISION
                                          :

JULIA ANN CALIPO                  : NO. 97 OF 2017

## NOTICE OF INTENT TO DISMISS PCRA
## PURSUANT TO PA. R. CRIM. P. 907

And now, to-wit, this _3rd_ day of November, 2017, after an independent review of the record, consideration of Petitioner's *pro se* Petition for Post Conviction Collateral Relief ("PCRA") and the Supplement to Motion for Post Conviction Collateral Relief filed by PCRA counsel, Petitioner has failed to state a meritorious claim under the Post Conviction Relief Act. Because Petitioner's Motion can be addressed based on the existing record, there is no need for an evidentiary hearing.

## BACKGROUND

On April 6, 2017, Petitioner plead guilty to Fraud Obtain Foodstamps/Assistance, 62 P.S. § 481(a), and was sentenced to 3 years' county supervised probation.[1] On July 21, 2017, Petitioner filed the instant pro se PCRA. Attorney William J. Hathaway was appointed counsel on July 28, 2017 and given 60 days to file a Supplemental PCRA or "no-merit" letter. On August 17, 2017, Attorney Hathaway filed a Motion for Transcripts and Extension of Time, which was granted by way of Court Order filed August 18, 2017. On October 30, 2017, Attorney Hathaway filed a Supplement to Motion for Post Conviction Collateral Relief.

Petitioner claims the instant sentence of 3 months' probation is patently excessive. Petitioner also claims the guilty plea was flawed and invalid. Petitioner alleges she was denied a trial due to the ineffectiveness of counsel who stated "you will lose at trial" thereby inducing her

---

[1] Petitioner's charge was amended from a felony of the third degree to a misdemeanor of the first degree.

1

to enter the guilty plea. Accordingly, she petitions that the ensuing conviction and judgment of sentence be stricken.

## SENTENCING

Petitioner claims her sentence is "patently excessive."

To be eligible for post conviction relief under the limited parameters of 42 Pa.C.S.A. § 9543(a)(2)(vii), Petitioner must plead and prove the existence of an illegal sentence, that is a sentence that exceeds the lawful maximum. In the instant case, Petitioner cannot sustain her burden as the sentence imposed is within the statutory maximum.

On April 6, 2017, after entering her guilty plea, Petitioner waived her right to a presentence investigation report and requested to proceed directly to sentencing. *Plea and Sentencing Transcript, April 6, 2017 ("P.S.T."), pp. 9-10.* After inquiring about Petitioner's prior criminal history, history of drug or alcohol abuse, number of children, education, employment history, and giving Petitioner, Attorney Sloane and Attorney Connelly an opportunity to address the Court, the Court imposed the instant sentence supported by the following rationale:

> **THE COURT**: The guidelines I've been given have an offense gravity score of three, a prior record score of zero, a standard range of RS to one and aggravate range of less than four, and nothing stated in the mitigated range.
> Given the nature of the offense and the lack of a prior record score at the time and the fact she's entered a plea here today, as to Count 1, I'll order court costs, restitution in the amount of $3,356, order a period of [county supervised] probation of 36 months -- I'll make that consecutive to the sentence that she's serving so that there's a sufficient period of time that the restitution can be paid. And it appears that you do have the ability to be employed and that you certainly need to pursue that.
> *P.S.T., pp. 16-17.*

Petitioner's sentence does not exceed the statutory maximums, which could have been imposed. Rather, Petitioner's sentence falls on the low end of the standard range of the sentencing guidelines. Accordingly, Petitioner's sentence is not illegal. *See Commonwealth. v.*

2

*McNabb*, 819 A.2d 54 (Pa. Super. 2003). To assert a sentence of 36 months probation is "patently excessive" is without merit. Therefore, Petitioner has failed to prove a cognizable sentencing claim under the PCRA.

## GUILTY PLEA

A plea will not be deemed invalid if the "circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa. Super. 1993). To establish a plea was unlawfully induced as the result of ineffective assistance of counsel, the petitioner must prove a "causal nexus" between the claimed involuntary or unknowing plea and the counsel's ineffectiveness. *Commonwealth v. Flood*, 627 A.2d 1193, 1199 (Pa. Super. 1998).

All of Petitioner's averments are contrary to her sworn testimony at the time of her plea. Petitioner entered an oral and written guilty plea. *See* Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea ("SURPGP"), April 6, 2017. Petitioner understood "that any plea bargain in my case is set forth here and that there has been no other bargain and no other promise **or threat of any kind** to induce me to plead guilty." SURPG, Paragraph 5 (emphasis added). She also knew "that in pleading guilty, I am forever giving up my right to a jury trial as explained here." SURPGP, Paragraph 3. At no time did Petitioner offer any testimony to suggest she had been "bullied and induced" by Attorney Sloane to enter a guilty plea.

After her rights were explained, Petitioner was asked if she had any questions and whether she understood the rights she waives by entering a guilty plea. *P.S.T., p. 8.*

3

**MS. CONNELLY**: This is Julia Calipo, at Docket 97 of 2017. Ms. Calipo, you were here when I went over these rights, correct?

**THE DEFENDANT**: Yes.

**MS. CONNELLY**: Do you have any questions about those rights for us?

**THE DEFENDANT**: No.

**MS. CONNELLY**: Paragraph 5 here we talked about Count 1 is going to carry a maximum $10,000 fine and 5 years incarceration. So that's the most you can get on this offense. Do you understand that?

**THE DEFENDANT**: Yes.

**MS. CONNELLY**: And it says you will plead guilty to Count 1, amended to a Misdemeanor of the first degree, instead of that felony charge, and pay the restitution, and that's going to be in the amount of $3,356. Do you understand that?

**THE DEFENDANT**: Yes.

**MS. CONNELLY**: Any questions?

**THE DEFENDANT**: No.

**MS. CONNELLY**: Then I need you and your attorney to sign this one.

**MS. SLOANE**: What you're signing now is the Defendant's Statement of Understanding of Rights.

*P.S.T., pp. 5-6.*

Then, the Court engaged in the following colloquy with Petitioner while she was under oath:

**THE COURT**: Ms. Calipo, have you understood everything that's being explained to you so far?

**THE DEFENDANT**: Yes, your honor.

**THE COURT**: And you understand the rights that you waive or give up when you enter this plea?

**THE DEFENDANT**: Yes, your honor.

**THE COURT**: You understand this case was scheduled for trial today and you can have a trial if you would like? Do you understand that?

**THE DEFENDANT**: Yes.

**THE COURT**: Is it you desire to have a trial and enter this plea?

**THE DEFENDANT**: Yes. That seems the easiest way, sir.

**THE COURT**: Well, it has to be your choice one way or the other. Do you feel like you're being pressured or forced to enter this plea?

**THE DEFENDANT**: No.

**THE COURT**: Anyone promise you anything to enter this plea today?

**THE DEFENDANT**: No. They said they would push for probation and I would have deferment period.

4

**THE COURT**: Do you understand, and it's in this document, that you face a possibility of going to jail for up to 5 years and a fine of up to $10,000?

**THE DEFENDANT**: I see that, sir.

**THE COURT**: And you owe restitution in the amount of $3,356? Do you understand that?

**THE DEFENDANT**: Yes.

**THE COURT**: Do you understand this offense that you're entering a plea to?

**THE DEFENDANT**: Yes.

**THE COURT**: Are you guilty of this offense? Is that why you're entering a plea?

**THE DEFENDANT**: Yes. That I did not write into the application to the Department of Public Welfare.

**THE COURT**: Is your plea here this morning knowing and voluntary? Meaning, you know what you're doing and you're voluntarily entering the plea?

**THE DEFENDANT**: Yes, Your Honor.

**THE COURT**: All right. I'll accept the plea.

*P.S.T., pp. 8-9.*

Throughout the hearing, Petitioner repeatedly affirmed her understanding of the plea agreement, the lack of coercion, and a desire to agree to the plea. The totality of the circumstances establishes Petitioner's acceptance of the plea's terms.

A PCRA petitioner "may not obtain post-conviction relief by claiming that he lied during his waiver colloquy." *Commonwealth v. Bishop*, 645 A.2d 274, 277 (Pa.Super.1994). To grant the relief Petitioner now seeks requires the acceptance of her untruthful testimony while under oath. Such a claim cannot be a basis for relief.

5

## CONCLUSION

For the reasons stated herein, Petitioner's claims are without merit.

Petitioner is hereby put on notice that her Motion for Post Conviction Collateral Relief regarding the guilty plea will be dismissed after twenty (20) days from the date of this Notice. Within this same time period, Petitioner shall have the right to file any Objections to this Notice.

BY THE COURT:

DATE: _____

_____
WILLIAM R. CUNNINGHAM, JUDGE

cc: District Attorney's Office
William J. Hathaway, Esquire, 1903 W. 8th St., PMB #261, Erie, PA 16505
Julia Ann Calipo OY7852, SCI Cambridge Springs, 451 Fullerton Ave., Cambridge Springs, PA 16403-1238
Nicole Sloane, Esquire, Public Defender's Office

6