J-S03005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REGINALD CURRY, | |
| Appellant | No. 1923 EDA 2005 |

Appeal from the PCRA Order Entered May 31, 2005
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0609751-2003
CP-51-CR-0609771-2003
CP-51-CR-0810361-2003
CP-51-CR-0810371-2003
CP-51-CR-0810381-2003
CP-51-CR-0900731-2003

BEFORE: BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 16, 2019**

Appellant, Reginald Curry, appeals from the post-conviction court's May 31, 2005 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. In addition, Appellant's court-appointed PCRA counsel, Joseph Schultz, Esquire, petitions this Court for leave to withdraw as counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). We affirm the PCRA court's order, and grant Attorney Schultz's petition to withdraw.

This case has a long and convoluted history, which we need not detail here. Instead, we briefly state that Appellant pled guilty to six counts of robbery, and was sentenced to an aggregate term of 25-50 years' imprisonment on January 23, 2004. He did not file post-sentence motions or pursue a direct appeal from his judgment of sentence, and his judgment of sentence became final on February 23, 2004. **See** 42 Pa.C.S. § 9545(b)(3) (stating that judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 903(a) (directing that a notice of appeal to Superior Court must be filed within 30 days after the entry of the order from which the appeal is taken).[1]

On August 12, 2004, Appellant filed a timely, *pro se* PCRA petition. In that petition, Appellant asserted claims under 42 Pa.C.S. §§ 9543(a)(2)(i), (ii), and (iii);[2] however, the only elaboration Appellant gave in support of these

---

[1] Our review of the record shows that the thirtieth day after the entry of Appellant's judgment of sentence — which would ordinarily constitute the last day of the appeal period pursuant to Rule 903 — fell on Sunday, February 22, 2004. We must omit that day from our computation of the appeal period. **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, … such day shall be omitted from the computation."). Therefore, the last day of the thirty-day appeal period fell on Monday, February 23, 2004.

[2] Section 9543(a)(2)(i)-(iii) provides that, to be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence, that his conviction or sentence resulted from, *inter alia*,

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-

purported errors was that his guilty plea was unlawfully induced by his counsel, and that his "[c]ounsel was ineffective for failing to suppress identification due to [a] suggestive photographic array procedure and failure to request a line up and lack of probable cause to arrest." PCRA Petition, 8/12/2004, at 2, 3. On April 28, 2005, after Appellant's court-appointed counsel filed a *Turner*/*Finley* no-merit letter, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition, and Appellant did not respond. The PCRA court dismissed his petition on May 31, 2005, and Appellant subsequently filed a timely notice of appeal.

Following several snafus and years of delay, Attorney Schultz was appointed to represent Appellant on appeal in February of 2018. On March 27, 2018, Attorney Schultz filed a petition for remand to the PCRA court in order for Appellant to file an amended Pa.R.A.P. 1925(b) statement of errors complained of on appeal, which we granted. On May 7, 2018, Attorney Schultz filed a Rule 1925(c)(4) statement representing that an appeal would be

---

determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa.C.S. § 9543(a)(2)(i)-(iii).

- 3 -

"wholly frivolous[,]" but nevertheless set forth the following issues Appellant

intended to raise on appeal:

> The [PCRA c]ourt abused its discretion and erred when it dismissed Appellant's August [12], 2004[ p]etition … without [a] hearing where:

> > a. A violation of the Constitution of this Commonwealth or the Constitution or the laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> > b. Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process proves that no reliable adjudication of guilt or innocence could have taken place.

> > > i. Counsel was ineffective for failing to suppress identification due to [a] suggestive photographic array procedure and failed to request a line up and lack of probable cause to arrest.

> > > ii. [The PCRA court] … should grant restoration of appellate rights to Appellant, … based on counsel['s] failure to perfect his requested direct appeal rights following his conviction o[n] January 23, 2004.

> > > iii. [The PCRA court denied] a fundamental due process claim relating to Appellant's appeal rights as directed by the Sixth Amendment "Violations", [*sic*] caused by appointed counsel Donald Chisholm, Esq., who failed to follow the Order of the Superior Court … [t]o enter his appearance on behalf of Appellant … meeting the prejudice requirement of [42 Pa.C.S. §] 9543[(a)(2)](ii).

> > > iv. Appellant … intends to establish the ineffective assistance of counsel[,] which in the circumstances of the particular case so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

> > > v. Appellant argues[] layered ineffectiveness of counsel(s), who failed to file requested appeal, affecting his appellate rights….

- 4 -

c. A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused Appellant to plead guilty and Appellant is innocent.

i. Appellant … intends to bring forth … that his plea[] of guilty was unlawfully induced by counsel and/or prosecution during said negotiations where the circumstances made it likely that the inducement compelled Appellant to plead guilty. Appellant avers that[] this improper obstruction had affected his rights of appeal where meritorious appealable issues existed and had been preserved.

ii. Appellant argues that trial counsel rendered ineffective assistance by failing to object to [the p]rosecution's and [the] trial court['s] participation in plea-bargaining process/negotiations, as prosecution upon entrapment and trial counsel[] had Appellant by way of inducement plead to an agreement that was not offered initially, therefore compelling Appellant to an involuntary plea-agreement.

iii. Appellant argues, that upon prosecutorial misconduct with concerns to plea negotiations, "prior to jury selections[," the] prosecution … offered [a] plea-agreement of 10-20 years[' incarceration to] Appellant while [he was] incarcerate[d.] [D]efense counsel … brought forth said plea o[f] 10-20 years['] [imprisonment], "whereas [A]ppellant upon said agreement, agreed to [the] prosecutor['s] offer." Upon defense counsel['s] presenting to [the] prosecution its acceptance of agreement, [the] prosecution had denied it[s] agreement. Prosecution upon entrapments prior to jury selections, wrongfully abused it[s] plea bargaining process to seek conviction; and further[] compelled Appellant, along with defense counsel who failed to object to said negotiations … into an involuntary plea-agreement that compelled him to accept 25-50 year[s'] imprisonment.

iv. Appellant argues … that [the] sentencing [j]udge wrongfully participated in[] compelling Appellant to accept [the prosecution's] offer, and further[] stated[,] if Appellant does[ not] accept[ the] offer, he would indeed receive a more severe sentenc[e].

Rule 1925(c)(4) Statement, 5/7/2018, at 1-5 (unnumbered pages; internal citations and footnotes omitted).

On July 2, 2018, Attorney Schultz filed a petition to withdraw and a *Turner*/*Finley* no-merit letter, styled as a brief, with this Court. We must determine whether counsel has satisfied the prerequisites of withdrawal. In *Turner*, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions." *Turner*, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in *Finley*, were updated by this Court in *Commonwealth v. Friend*, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* *Commonwealth v. Pitts*, 981 A.2d 875 (Pa. 2009),[3] which provides:

> 1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]
>
> 4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial

---

[3] In *Pitts*, our Supreme Court abrogated *Friend* "[t]o the extent *Friend* stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the defendant has not raised such issue." *Pitts*, 981 A.2d at 879. In this case, Attorney Schultz filed his petition to withdraw and no-merit brief with this Court and, thus, our Supreme Court's holding in *Pitts* is inapplicable.

court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in [] light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

"Once counsel for the petitioner determines that the issues raised under the PC[R]A are 'meritless,' and the PC[R]A court concurs, counsel will be permitted to withdraw and the petitioner may proceed on his own or with the aid of private counsel to pursue a review of the ruling entered, if he/she so wishes." *Finley*, 550 A.2d at 215. The preceding sentence assumes that counsel filed the no-merit letter/brief with the PCRA court. However, counsel "may withdraw at any stage of collateral proceedings if he, in the exercise of his professional judgment, determines that the issues raised in those proceedings are meritless," *Commonwealth v. Bishop*, 645 A.2d 274, 275 (Pa. Super. 1994), and "the initial court before whom the request to withdraw is pleaded would logically be the tribunal making the ruling." *Finley*, 550 A.2d at 215 n.4. Attorney Schultz filed his petition to withdraw with our Court; accordingly, we must determine whether he has complied with the *Turner*/*Finley* requirements.

Attorney Schultz submitted to Appellant a copy of his no-merit brief. That brief sets forth each claim Appellant "wishes to have reviewed, and detail[s] the nature and extent of counsel's review of the merits of each of

- 7 -

those claims[.]" ***Friend***, 896 A.2d at 615.[4]  The brief also provides an explanation as to why each issue is without merit.  Moreover, Attorney Schultz advised Appellant of his right to retain new counsel, or to proceed *pro se*.[5] Accordingly, we conclude that Attorney Schultz has complied with the requirements necessary to withdraw as counsel.

Next, this Court must conduct its own independent review of the record in light of the issues presented in Appellant's PCRA petition.  "Our standard of review of a PCRA court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" ***Commonwealth v. Pier***, 182 A.3d 476, 478 (Pa. Super. 2018) (citations and brackets omitted).

At the outset, we note that Appellant has waived most of the issues set forth in the Rule 1925(c)(4) statement because he did not raise them before

_____

[4] Attorney Schultz organizes the argument section of his brief based on the three main claims Appellant raises in his petition, *i.e.*, that he is eligible for relief because of a: (i) a violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place; (ii) ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place; and (iii) a plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent. ***See*** PCRA Petition at 2; ***see also*** 42 Pa.C.S. § 9543(a)(2)(i)-(iii), ***supra***.

[5] We note that Appellant has not filed a response with this Court.

the PCRA court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). We reiterate that, although Appellant raised claims pursuant to Sections 9543(a)(2)(i), (ii), and (iii), in his petition, he only bolstered those claims by averring that his guilty plea was unlawfully induced by his counsel, and that his "[c]ounsel was ineffective for failing to suppress identification due to [a] suggestive photographic array procedure and failure to request a line up and lack of probable cause to arrest." PCRA Petition at 2, 3. We therefore limit our review to the issues Appellant presented to the PCRA court that are preserved for our review.

We first address Appellant's claim that he is eligible for relief because of the ineffectiveness of his counsel. PCRA Petition at 2. We acknowledge:

> To prevail on a claim of ineffective assistance of counsel, a PCRA petitioner must prove each of the following: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.
>
> > Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Pier*, 182 A.3d at 478-79 (internal citations, quotation marks, and footnote omitted). Further, "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Id.* at 480 (citation omitted).

In the case *sub judice*, during the guilty plea colloquy, Appellant demonstrated that he understood the nature of the charges to which he was pleading guilty, *see* N.T., 1/23/2004, at 4, 14-23, 26-29; indicated that the Commonwealth's factual basis for the plea was correct, *id.* at 14-23; confirmed that he understood that he had a right to a trial with or without a jury, and would be presumed innocent until found guilty, *id.* at 5-13; represented that he was informed of the permissible range of sentences and/or fines for the offenses at issue, *id.* at 24-25; and expressed that he was aware that the judge was not bound by the terms of the plea agreement unless the judge decided to accept it, *id.* at 4. *See generally Commonwealth v. Pollard*, 832 A.2d 517, 522-23 (Pa. Super. 2003) (setting forth the areas that must be included in a colloquy) (citation omitted). Further, Appellant stated that he was satisfied with the representation of his lawyer, and testified that no undisclosed promises were made to him and nobody threatened him to enter the pleas. N.T. at 12-13, 25. In light of the foregoing, we deem meritless Appellant's claim that counsel unlawfully induced him to plead guilty.

We likewise deem meritless Appellant's assertion that his "[c]ounsel was ineffective for failing to suppress identification due to [a] suggestive

photographic array procedure and failure to request a line up and lack of probable cause to arrest." PCRA Petition at 3. At the very least, Appellant fails to establish that he was prejudiced due to these purported failures. At the colloquy, the Commonwealth noted:

> On June … 10th of 2003, [detectives] met with [Appellant] at approximately 3:35 p.m. at Southwest Detective Division. At that point, they advised him of his **Miranda**[6] warnings and after being advised, he consented to give a statement. In summary, in the statement, [Appellant] admitted to committing approximately 10 robberies during the last week in May. He said that he had used a fake gun, a B.B. gun in all robberies. He said that they occurred between 52nd and 54th Street between Haverford Avenue and Parrish Street [*sic*], all in West Philadelphia. He said that all of his victims were African-American women. He said that he had been staying at a friend['s] house on Ogden Street at this time. He said that he had worn a black leather jacket and blue jeans for most of these robberies. When asked how he committed the robberies, he said that they were all basically the same. [He] just showed them [his] gun and asked for money. [He] did … two at bus stops. The statement was concluded at approximately 6:10 p.m. [Appellant] dated and signed all pages of the statement.

N.T. at 21-22. Appellant testified that these facts were substantially correct. *Id.* at 23. In light of the statement given by Appellant to detectives, we determine that there is not a reasonable likelihood the outcome of the proceedings would have been different if Appellant's counsel had sought to suppress identification evidence due to a suggestive photographic array procedure, requested a line up, and argued that there was a lack of probable cause to arrest Appellant. *See Pier*, 182 A.3d at 478; *see also* PCRA Petition at 3.

---

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Lastly, with respect to ineffectiveness, Appellant challenges the effectiveness of his previously appointed PCRA counsel who failed to enter his appearance on appeal in accordance with this Court's order directing him to do so, thereby causing significant delays in this case. *See* Rule 1925(c)(4) Statement at 2 (unnumbered pages). Regardless of whether this issue is waived, Appellant has not established prejudice, as we appointed new counsel to litigate his appeal. Thus, this claim is also meritless.

In his second claim, Appellant alleges that he is eligible for relief because of "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused [him] to plead guilty and [he] is innocent." PCRA Petition at 2. In support, Appellant relies on the above-stated reasons: his guilty plea was unlawfully induced by his counsel and his "counsel was ineffective for failing to suppress identification due to [a] suggestive photographic array procedure and failure to request a line up and lack of probable cause to arrest." *Id.* at 3. However, Appellant does not contend that he is innocent of the offenses at issue. *See Commonwealth v. Barndt*, 74 A.3d 185, 191 n.9 (Pa. Super. 2013) (determining that the appellant waived his argument under Section 9543(a)(2)(iii) that his guilty plea was unlawfully induced where he did not maintain that he is innocent of the crimes charged) (citation omitted). Thus, this claim lacks merit.

In his third claim, Appellant alleges that he is eligible for relief because of "[a] violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case,

so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." PCRA Petition at 2. Again, he apparently proffers the same reasons in support of this claim. As we have already ascertained that his counsel was not ineffective, this claim fails. Therefore, after our review of the record and Appellant's claims, we agree with Attorney Schultz that Appellant's PCRA petition is meritless.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/19