J-S40005-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL N. CABRERA | : | |
| | : | |
| Appellant | : | No. 2397 EDA 2019 |

Appeal from the PCRA Order Entered March 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0009793-2013

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:                    Filed: November 25, 2020

Appellant, Samuel N. Cabrera, appeals *pro se* from the March 4, 2019 order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After review, we remand with instructions.

The PCRA court set forth the relevant procedural history as follows:

> On November 13, 2014, following a waiver trial, [Appellant] was found guilty of murder in the third degree, involuntary manslaughter and endangering the welfare of a child. On January 16, 2015, [Appellant] was sentenced to an aggregate sentence of twenty (20) to forty (40) years of state incarceration. A notice of appeal was filed on February 13, 2015. This court issued an opinion on September 30, 2015, and the judgment of sentence was affirmed by the Superior Court on June 15, 2016. [**Commonwealth v. Cabrera**, 511 EDA 2015, 153 A.3d 1109 (Pa. Super. filed June 15, 2016) (unpublished memorandum).]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] filed a petition for allowance of appeal on July 13, 2016. The Supreme Court of Pennsylvania denied said petition on November 29, 2016. [**Commonwealth v. Cabrera**, 305 EAL 2016, 162 A.3d 1116, (Pa. filed November 29, 2016).]

On November [28, 2017], petitioner filed his pro se Post-Conviction Relief Act (PCRA) petition. Benjamin Cooper, Esquire, court-appointed PCRA counsel, filed a no merit *Finley* letter[1] on January 18, 2019. [Appellant] then filed a *pro se* "Opposition to Court-Appointed Counsel's Finley Letter and in Opposition to Rule 907 Pa.R.Crim.Proc. Application" on February 13, 2019. On March 4, 2019, this court dismissed the petition. On August 7, 2019, five (5) months after dismissal, [Appellant] filed this appeal from the dismissal of his PCRA petition.

PCRA Court Opinion, 11/15/19, at 1. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

In this appeal, Appellant raises the following issues for our review:

[1.] PCRA counsel, Benjamin B. Cooper, Esq. rendered ineffective assistance by his failing to render adequate assistance at PCRA proceedings, and, in filing a deficient "no-merit" letter to deny Appellant relief because the issues raised in the pro se PCRA petition, if resolved in Appellant's favor, would entitle Appellant to relief.

[2.] The PCRA court erred in dismissing [Appellant's] pro se PCRA petition because on the face-of-the-record, there were meritorious issues which, if resolved in Appellant's favor, would have clearly entitled him to relief.

[3.] PCRA counsel failed to provide Appellant with opportunity to participate and develop his issues presented in his PCRA petition, thus denying Appellant his right to effective assistance on this first PCRA petition.

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel to withdraw from representation on collateral review).

Appellant's Brief at 2, 4, and 7, respectively (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id.**

Before we reach the merits of Appellant's appeal, we must address the timeliness of Appellant's appeal. **See Commonwealth v. Trinidad**, 96 A.3d 1031, 1034 (Pa. Super. 2014) ("It is well settled that the timeliness of an appeal implicates our jurisdiction and may be considered *sua sponte*."). Herein, the PCRA court denied Appellant's petition on March 4, 2019. Accordingly, Appellant then had thirty days, or until Wednesday, April 3, 2019, to file a timely notice of appeal. **See** Pa.R.A.P. 903(a) (providing that an appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). However, Appellant's notice of appeal was not docketed until August 7, 2019, four months late.

In its opinion, the PCRA court stated that Appellant's notice of appeal was clearly untimely. PCRA Court Opinion, 11/15/19, at 7-8. On September 20, 2019, our Court ordered Appellant to show cause why this appeal should not be quashed. On October 2, 2019, Appellant requested an extension of time to respond. On October 15, 2019, we granted Appellant an extension and directed him to file his response on or before November 11, 2019. On

October 15, 2019, Appellant responded to the order to show cause and asserted that he mailed his notice of appeal in a timely manner; however, Appellant provided no supporting documentation. On October 21, 2019, this Court ordered Appellant to provide evidence of the date that he mailed his *pro se* notice of appeal. On October 28, 2019, Appellant filed a response and claimed that he mailed his notice of appeal on March 28, 2019. On November 12, 2019, Appellant filed a second response to our show-cause order and attached a prison cash slip indicating a request for the payment of postage to the Superior Court of Pennsylvania on March 28, 2019.

Our Supreme Court has held that a prison cash slip indicating a deduction of the cost of postage is evidence which may be used to establish the date of mailing. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997) (citing ***Smith v. Pennsylvania Board of Probation and Parole***, 683 A.2d 278 (Pa. 1996)). Because the prison cash slip supports Appellant's claim that he deposited his notice of appeal in the prison mail on March 28, 2019, we deem it timely pursuant to the prisoner mailbox rule. ***See Commonwealth v. Chambers***, 35 A.3d 34 (Pa. Super. 2011) (the "prisoner mailbox rule" provides that a *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing). Accordingly, we conclude that we have jurisdiction; however, we are constrained to remand this matter to the PCRA court with instructions.

It is well settled that Appellant was entitled to counsel to litigate his first PCRA petition. **See** Pa.R.Crim.P. 904(C), (F)(2) (explaining that the PCRA court shall appoint counsel to represent an indigent defendant on his first PCRA petition, and the appointment shall continue through any appeal from the disposition of the PCRA petition); **see also Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009) (*en banc*) (discussing the rule-based right to counsel on a first PCRA petition and stressing the importance of counsel in litigating a first PCRA petition). However, counsel is permitted to withdraw at any stage of the collateral proceedings if he complies with the mandates of **Turner/Finley**. **Commonwealth v. Bishop**, 645 A.2d 274, 275 (Pa. Super. 1994). "The post-conviction petitioner then may proceed *pro se*, by privately retained counsel, or not at all." **Id.**; **see also Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012) (providing that a petitioner is not entitled to the appointment of new counsel after court-appointed counsel was permitted to withdraw by the PCRA court pursuant to **Turner/Finley**).

Herein, the record indicates that Appellant's counsel appeared at a hearing on March 1, 2019. N.T., 3/1/19, at 2. At the hearing, the PCRA court stated that it received a **Turner/Finley** letter and sent Appellant notice of its intent to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907. **Id.** at 3. Appellant's counsel then stated on the record that he would notify Appellant and file a motion to withdraw. **Id.**

The record reveals a pre-printed form notifying Appellant of the PCRA court's intent to dismiss his PCRA petition pursuant to Pa.R.Crim.P. 907, indicating that counsel concluded Appellant's PCRA petition was meritless, and stating that a *Turner/Finley* letter is attached. Notice of Intent to Dismiss, 1/25/19. However, upon review of the record, we are unable to locate a *Turner/Finley* letter, a motion to withdraw, or an order granting counsel's motion to withdraw.

Accordingly, we instruct the PCRA court to ascertain the status of counsel and file its findings with this Court within thirty days of the filing of this Memorandum. If the PCRA court permitted counsel to withdraw, the record shall document counsel's petition to withdraw, letter to Appellant, and order granting counsel's motion to withdraw, and then we shall proceed to address Appellant's issues on appeal. However, if counsel was not granted leave to withdraw, counsel may still petition the PCRA court to withdraw. *Commonwealth v. Quail*, 729 A.2d 571, 573 n.2 (Pa. Super. 1999). If the PCRA court grants counsel's petition to withdraw, Appellant is not entitled to the appointment of new counsel on appeal, and we shall proceed to address Appellant's issues. *Rykard*, 55 A.3d at 1183 (citing *Commonwealth v. Maple*, 559 A.2d 953 (Pa. Super. 1989)). If counsel was not permitted to withdraw, counsel must submit either an advocate's brief or *Turner/Finley* no-merit letter with this Court within sixty days of the PCRA court's forthcoming findings. In the event that counsel files a brief or a

***Turner/Finley*** no-merit letter, the Commonwealth shall have thirty days to file a responsive brief.

Case remanded. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/20