J-S02045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EVAN CASTELLANOS | : | |
| | : | |
| Appellant | : | No. 1580 EDA 2021 |

Appeal from the PCRA Order Entered July 14, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0001114-2015

BEFORE:  OLSON, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:               **FILED FEBRUARY 22, 2022**

Evan Castellanos (Appellant) appeals *pro se* from the order entered on July 14, 2021, in the Northampton County Court of Common Pleas, denying and dismissing his third petition for collateral relief filed under the Post Conviction Relief Act (PCRA)[1] without a hearing.  Appellant seeks relief from the judgment of sentence of 16 to 35 years' incarceration, imposed on March 3, 2016, after he pled guilty to attempted homicide.[2]  On appeal, Appellant complains that the PCRA court erred in denying his motion for *nunc pro tunc* reinstatement of his PCRA petition filed on February 13, 2016.  **See** Appellant's Brief at 3.  After careful review, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 901(a), 2501(a).

Appellant's conviction stems from a shooting that took place June 15, 2014, in which Appellant drove to the victim's house, asked the victim, an acquaintance, to come outside, and then subsequently shot him, causing significant but non-fatal injuries. As a result of the incident, the Commonwealth charged Appellant with attempted homicide, aggravated assault, and two counts of conspiracy.

On January 22, 2016, following a lengthy and detailed colloquy, Appellant entered a negotiated guilty plea to one count of criminal attempt to commit homicide. In exchange for the plea, the Commonwealth withdrew the remaining charges against him. The plea also included a sentencing agreement of 16 to 35 years' imprisonment. Appellant requested that sentencing be delayed so that his family could attend the proceeding, which the court granted.

However, on February 26, 2016, Appellant filed a *pro se* motion to withdraw his guilty plea, asserting he was innocent. He also alleged he did not understand and was unaware of the basic sentencing matrix. The trial court denied Appellant's motion at the time of sentencing, and then imposed the negotiated term of 16 to 35 years' imprisonment.

Appellant filed a direct appeal, in which he claimed the trial court erred and abused its discretion in denying his presentence motion to withdraw his guilty plea because he had asserted his innocence. A panel of this Court affirmed the judgment of sentence, agreeing with the trial court that Appellant failed to establish a "plausible basis for his claim of innocence," and the

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on August 2, 2017. *See Commonwealth v. Castellanos*, 1074 EDA 2016 (unpub. memo) (Pa. Super. March 30, 2017), *appeal denied*, 259 MAL 2017 (Pa. Aug. 2, 2017).

Appellant then filed a timely, *pro se* PCRA petition on February 13, 2018. The PCRA court appointed counsel, who did not file an amended petition. The court held an evidentiary hearing on May 7, 2018. Both Appellant and his plea counsel testified. The sole issue addressed at the hearing was whether plea counsel was ineffective for inducing Appellant to enter a guilty plea despite his desire to proceed to trial and raise the defense of duress.

At the close of testimony, the PCRA court directed the parties to file briefs in support of their respective positions. However, on May 14, 2018, PCRA counsel filed a "no-merit" letter in lieu of a brief and motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 1, 2018, the PCRA court denied Appellant's petition, and permitted PCRA counsel to withdraw. Appellant appealed, and a panel of this Court affirmed the PCRA court's decision on June 24, 2019. *See Commonwealth v. Castellanos*, 1806 EDA 2018 (unpub. memo) (Pa. Super. June 24, 2019). The panel concluded Appellant did not properly preserve his sole argument on appeal, an ineffectiveness claim regarding sentencing ramifications, thus denying him relief. *Castellanos*, 1806 EDA 2018 at 8. Moreover, it opined that had Appellant properly preserved this claim, it was meritless. *Id.*

- 3 -

(concluding plea counsel was aware of the sentencing matrix and Appellant experienced no prejudice).

On October 7, 2019, Appellant filed a *pro se* "Petition for *Habeas Corpus* Relief Pursuant to Article I Section 14 of the Pennsylvania Constitution," arguing his sentence was illegal because attempted criminal homicide "does not exist within the Pennsylvania [C]rimes [C]ode." **See** PCRA Ct. Op., 10/17/19, at 2. The PCRA court treated this filing as a second PCRA petition and denied relief. **See id.** at 2-3. Appellant did not file an appeal.

Thereafter, on June 24, 2021, Appellant filed a *pro se* "Motion for *Nunc Pro Tunc* Reinstatement of PCRA Petition Filed [February 13, 2018.]" The PCRA court again treated this as a PCRA petition, Appellant's third, and denied relief stating it was "untimely[.]" Order, 7/14/21, at 2. Appellant filed this appeal and complied with the PCRA court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following on appeal:

Whether the [PCRA] court abused its discretion in denying Appellant[']s Motion for *Nunc Pro Tunc* Reinstatement of PCRA Petition filed February 13, 201[8], where the proceeding was [uncounseled] and violated the representation requirement?

Appellant's Brief at 3 (some capitalization omitted).

The standard by which we review PCRA petitions is well settled:

Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the

- 4 -

light most favorable to the party who prevailed before that court. [ ] The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020) (citations omitted).

In his sole issue on appeal, Appellant asserts the court abused its discretion in dismissing his petition for *habeas corpus* relief because his confinement is based on the denial of his right to a counseled PCRA proceeding. ***See*** Appellant's Brief at 7. He references his first PCRA petition, filed in February 2018, wherein he was appointed counsel but counsel later filed a motion to withdraw, which was granted. Appellant alleges "PCRA counsel's failure to amend his *pro se* petition [led] to the deprivation of the right to have appointed counsel 'advance his position in acceptable legal terms.'" ***Id.*** (citation omitted). Moreover, he states:

> It is clear that a claim that a PCRA proceeding, as here, was unfair and [uncounseled], does not fit within the eligibility requirements of the PCRA. Appellant is not raising an . . . ineffectiveness claim, he is raising a claim that his PCRA proceeding was unfair, based on the proceeding being [uncounseled].

***Id.*** at 8. Appellant also contends that because he was a *habeas* claimant, he "is not subject to any time bar, or preclusion by *res judicata*, prior litigation or waiver." ***Id.*** (citations omitted).[3]

---

[3] Appellant also renews his argument that plea counsel was ineffective because counsel "should have been aware of the ramifications of the sentencing guidelines [and] deadly weapon enhancement matrix, [because]
*(Footnote Continued Next Page)*

We initially note that while "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). Furthermore, he is not entitled to have this Court advocate on his behalf. **Commonwealth v. Rivera**, 685 A.2d 1011, 1013 (Pa. Super. 1996).

Additionally, to the extent Appellant implies that he is not subject to any procedural restrictions because he is a *habeas corpus* claimant, we point out that the document at issue is a motion seeking *nunc pro tunc* relief, specifically requesting a **reinstatement** of his February 13, 2018, *pro se* **PCRA petition**. Because his argument rests on the assertion that both plea counsel and first PCRA counsel were ineffective, he is subject to the constraints and limitations of the Act. **See** 42 Pa.C.S. § 9542 (The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose . . . including *habeas corpus*[.]"); **see Commonwealth v. Descardes**, 136 A.3d 493, 499 (Pa. 2016) ("[C]laims that could be brought under the PCRA must be brought under that Act. . . . A claim is cognizable under the PCRA if the . . . conviction resulted from one of seven enumerated errors set forth in 42 Pa.C.S. § 9543(a)(2), including ineffective assistance of counsel.").

_____

had he known[,] he could have exploited it into a better bargaining position with regard to the plea bargain eventually entered into between the Commonwealth and Appellant." Appellant's Brief at 9.

Next, because we conclude that the dictates of the PCRA apply, we must determine whether we have jurisdiction to review the matter.

We are guided by the following:

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature."

* * *

A PCRA petition[,including a second or subsequent petition,] is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

**Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*) (some citations omitted). Generally, this Court is without jurisdiction to review the merits of issues raised in an untimely PCRA petition. **See Commonwealth v. Sanchez**, 204 A.3d 524, 526 (Pa. Super. 2019). We may reach the merits of an untimely PCRA petition only if the petitioner pleads and proves one of the three exceptions set forth at Section 9545(b)(1). **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); **Montgomery**, 181 A.3d at 365-66.

In the instant case, this Court affirmed Appellant's judgment of sentence on March 30, 2017, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on August 2, 2017. Appellant then had 90 days – until October 31, 2017 – to seek *certiorari* with the United States Supreme Court. **See** S.Ct.R. 13(1). However, Appellant did not, and thus, his judgment of

sentence became final on October 31st. Appellant then generally had one year, or until October 31, 2018, to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Appellant filed the present PCRA petition on June 24, 2021, approximately three years thereafter. Therefore, the petition is facially untimely.

We next must determine whether Appellant properly invoked one of the timeliness exceptions set forth in Section 9545(b)(1) below:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*See* 42 Pa.C.S. § 9545(b)(1). When invoking a timeliness exception, a petitioner must raise the exception either within 60 days or one year of the date the claim could have been raised. *See* 42 Pa.C.S. § 9545(b)(2).[4]

---

[4] Until 2018, Section 9545(b)(2) required a petitioner to invoke a timeliness exception within 60 days. However, in 2018, the time period was extended to one year. 42 Pa.C.S. § 9545(b)(2); Act of October 24, 2018, P.L. 894, No. 146, § 2. The Act amending Section 9545(b)(2) provides that the one-year period applies only to timeliness exception claims arising on or after December 24, 2017. Act of October 24, 2018, P.L. 894, No. 146, § 3. To the extent
*(Footnote Continued Next Page)*

In denying PCRA relief, the court found that "[Appellant's] request that he be allowed to re-litigate his first PCRA is an improper attempt to overcome the one year time bar[.]" PCRA Ct. Op., 8/27/21, at 6. We agree. Within both his petition and his brief, Appellant did not attempt to prove any exception to the PCRA time bar. Instead, he stated the constraints of the PCRA did not apply to the present petition. Without pleading and proving an exception to the time bar, we are without jurisdiction to address Appellant's claim on its merits. **See Montgomery**, 181 A.3d at 365; **See Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa. Super. 2007) (where a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition.") (citation omitted). As such, no relief is due.

Moreover, it merits mention that an appellant is entitled to counsel to litigate his first PCRA petition, and that appointment shall continue through any appeal from the disposition of the PCRA petition. **See** Pa.R.Crim.P. 904(C), (F)(2). Nevertheless, counsel is permitted to withdraw at any stage of the collateral proceedings if they comply with **Turner/Finley**. **See Commonwealth v. Bishop**, 645 A.2d 274, 275 (Pa. Super. 1994). In that circumstance, a "petitioner then may proceed *pro se*, by privately retained

_____

Appellant claims that PCRA counsel was ineffective regarding his 2018 petition – that claim arose after December 2017, and thus, the one-year period applies to that claim only. However, with respect to his assertion that plea counsel was ineffective as to his 2016 plea deal, the 60-day period, rather than the one-year period, applies.

counsel, or not at all." *Id.*; *see also Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012) (the appointment of new counsel was improper where appointed PCRA counsel was permitted to withdraw by the court pursuant to *Turner/Finley*). Accordingly, Appellant's claim that he was deprived of counsel as to his first PCRA proceeding is without merit.

Lastly as the PCRA court correctly points out, Appellant's underlying claim regarding plea counsel has been previously litigated, and therefore, he is not entitled to relief. *See* 42 Pa.C.S. § 9543(a)(3) ("To be eligible for relief under this subchapter, the petitioner must plead and prove . . . [t]hat the allegation of error has not been previously litigated or waived."). *See also* PCRA Ct. Op., 8/27/21, at 6 (Appellant's "new claims are actually a regurgitation of his prior claims but styled as an Amended Petition; and as a result, [Appellant] seeks to have his third PCRA [petition] considered timely filed under a misplaced theory that he is entitled to the retroactive application of his first Petition's filing date."); *Castellanos*, 1806 EDA 2018 at 8 (concluding Appellant did not properly preserve his ineffectiveness claim regarding plea counsel and in any event, plea counsel was aware of the sentencing matrix and Appellant experienced no prejudice, thus making his claim meritless). For the reasons discussed above, we conclude the PCRA court properly found Appellant's petition was untimely filed and he was not entitled to any relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2022