J-A05011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWNQUEZ REDD | : | |
| | : | |
| Appellant | : | No. 744 WDA 2024 |

Appeal from the PCRA Order Entered June 5, 2024
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0001912-2021

BEFORE: MURRAY, J., KING, J., and FORD ELLIOTT, P.J.E. [*]

MEMORANDUM BY MURRAY, J.:                    **FILED: March 3, 2025**

Shawnquez Redd (Appellant) appeals, *pro se*, from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On August 29, 2022, Appellant pled guilty to one count each of possession of a firearm by a prohibited person, theft by unlawful taking, and flight to avoid apprehension.[1] On September 28, 2022, the trial court imposed

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1), 3921(a), 5126(a).

an aggregate sentence of five to ten years in prison.[2]  Appellant did not file post-sentence motions or a direct appeal.

On August 16, 2023, Appellant timely filed the instant *pro se* PCRA petition, his first.  **See** 42 Pa.C.S.A. § 9545(b)(1) (all PCRA petitions must be filed within one year of the date the judgment of sentence becomes final).  Appellant asserted several claims, including his plea counsel's ineffectiveness for 1) coercing Appellant to enter a guilty plea; and 2) failing to interview witnesses or investigate Appellant's claim of his innocence.  **See** PCRA Petition, 8/16/23, at 2, 4.  Appellant also stated he was indigent and requested the appointment of counsel.  **Id.** at 8.  That same day, the PCRA court appointed Steven Valsamidis, Esquire (Attorney Valsamidis), to represent Appellant.  Attorney Valsamidis subsequently filed a petition to withdraw as Appellant's counsel, and requested the appointment of new counsel, asserting a conflict of interest.  Petition to Withdraw, 8/23/23, ¶¶ 5-7.

On September 6, 2023, the PCRA court entered an order granting Attorney Valsamidis permission to withdraw, and appointing Sherri Hurst, Esquire (Attorney Hurst), to represent Appellant.

---

[2] The trial court imposed this sentence to run concurrently with Appellant's sentence in another case, CP-04-CR-1296-2021 (Case 1296).  Appellant filed a separate, untimely PCRA petition in Case 1296, which is not implicated in the instant appeal.  **See** PCRA Court Order and Notice of Intent, 5/7/24, at 1-2 (discussing Case 1296).

On January 16, 2024, Attorney Hurst filed a petition to withdraw as Appellant's counsel, contemporaneously with a "no-merit" letter, pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[3] The no-merit letter explained that Appellant raised the following claims in his *pro se* PCRA petition: "[The Commonwealth] violated [Appellant's] Constitutional rights; his [guilty] plea was unlawful; his sentence was unlawful; his [plea counsel] rendered ineffective assistance[;] and finally, that newly discovered evidence

---

[3] This Court has stated that

> [t]he *Turner*/*Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of [her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa. Super. 2012) (some citations omitted); *see also Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa. Super. 2006) (PCRA counsel requesting to withdraw must advise the petitioner of counsel's decision to withdraw and the petitioner's right to proceed *pro se* or with the assistance of privately retained counsel if counsel's petition to withdraw is granted). In the instant appeal, our independent review supports the PCRA court's finding that Attorney Hurst has complied with each of the foregoing requirements. *See* Petition to Withdraw, 1/16/24, ¶¶ 4-7.

has been discovered."[4]  No-Merit Letter, 1/16/24, at 5 (citing PCRA Petition, 8/16/23, at 1-4).  Attorney Hurst thoroughly explained her reasons for determining why each of the PCRA claims lacks merit, and opined Appellant was entitled to no PCRA relief.  *See id.* at 5-10.  Attorney Hurst concluded that "[b]ased upon [her] extensive and exhaustive review … of case law, … this case does not have a cognizable issue that can be raised in a [PCRA] petition." *Id.* at 9.

Pertinent to the instant appeal, Attorney Hurst opined that if the PCRA court were to grant her permission to withdraw, "[Appellant] would not be entitled to have new counsel appointed to represent him [in connection with his PCRA petition,] nor on any appeal that might ensue[.]"  Petition to Withdraw, 1/16/24, ¶ 8 (citation omitted).

Appellant filed a *pro se* response to Attorney Hurst's petition to withdraw/no-merit letter on March 25, 2024.  Appellant asserted Attorney Hurst 1) rendered ineffective assistance; 2) failed to adequately communicate with Appellant; 3) did not research the case and Appellant's claim of his actual innocence; and 4) failed to acknowledge or address Appellant's purported mental disabilities.  *Pro* Se Response, 3/25/24, ¶¶ 6-13, 17-23.

_____

[4] We collectively hereinafter refer to Appellant's claims in his PCRA petition as the "PCRA claims."  The substance of the PCRA claims is not relevant to this appeal.

On May 7, 2024, the PCRA court issued a Pa.R.Crim.P. 907 Notice (907 Notice) of its intent to dismiss Appellant's PCRA petition without an evidentiary hearing, and an accompanying order granting Attorney Hurst's petition to withdraw. In the 907 Notice, the PCRA court thoroughly detailed its reasons for finding that each of Appellant's PCRA claims lack merit. **See** 907 Notice, 5/7/24, at 4-8. The PCRA court concluded that

> [the PCRA] claims … are without merit for the reasons set forth in [Attorney Hurst's] no-merit letter and the reasons specified in this … [907] Notice…. [Appellant] may file a written response proceeding *pro se* without counsel, or with counsel if [Appellant] elects to retain private counsel[.]

**Id.** at 9; **see also id.** at 2-3 (detailing the no-merit letter and explaining Attorney Hurst's compliance with **Turner**/**Finley**); **see also** Order, 5/7/24, ¶ 2.

Appellant filed a *pro se* Response to the 907 Notice, requesting, *inter alia*, that the PCRA court "continue [the] PCRA proceeding and appoint new counsel" to file an amended PCRA petition. 907 Notice Response, 5/29/24, ¶ 1. On June 5, 2024, the PCRA court dismissed Appellant's PCRA petition, without conducting a hearing. Appellant timely filed a *pro se* notice of appeal.[5]

Appellant presents the following issue for review:

---

[5] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court issued a Rule 1925(a) opinion on June 28, 2024, stating that it relied upon the reasoning set forth in its 907 Notice. PCRA Court Opinion, 6/28/24, at 1.

> Did the PC[RA] court err when it dismissed Appellant's PCRA petition without provid[]ing counsel for his first, timely 2023 PCRA proceeding and throughout the entirety of this appeal?

Appellant's Brief at 4 (capitalization modified).[6]

We review the dismissal of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Gibson**, 318 A.3d 927, 933 (Pa. Super. 2024) (citation omitted). Moreover, a petitioner is not entitled to a PCRA hearing as a matter of right. **Commonwealth v. Williams**, 244 A.3d 1281, 1287 (Pa. Super. 2021). Rather, a PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. **Id.**

Appellant presents a single claim: the PCRA court erred in "dismiss[ing] Appellant's PCRA Petition without appointing counsel."[7] Appellant's Brief at

---

[6] The Commonwealth did not file an appellate brief, despite being granted an extension of time. **See** Order, 10/29/24.

[7] The PCRA court did not specifically address this claim in its Pa.R.A.P. 1925(a) opinion or 907 Notice. However, in the 907 Notice, the PCRA court rejected Appellant's claim of Attorney Hurst's ineffectiveness, based on its conclusion that Appellant's PCRA claims lacked merit. 907 Notice, 5/7/24, at 8 (citing **Commonwealth v. Montalvo**, 205 A.3d 274, 286 (Pa. 2019) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.")).

12. Appellant points out that following Attorney Hurst's withdrawal pursuant to *Turner*/*Finley*, he repeatedly asked the PCRA court to appoint him new counsel. *Id.* at 11-12; *see also id.* at 12 ("Appellant agreed that Attorney Hurst should be permitted to withdraw due to her incompetence on investigating Appellant's case[8] and [Appellant] requested the appointment of counsel." (footnote added)). Appellant asserts he has a "rule[-]based right to counsel throughout his entire appeal process pursuant to Pa.R.Crim.P. 904(C)[.]" Appellant's Brief at 12 (citation modified); *see also id.* ("Appellant never waived his right to counsel pursuant to Pa.R.Crim.P. 121(A)(1)." (citation modified)).

Rule 904(C) provides, in pertinent part, that

> when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief.

Pa.R.Crim.P. 904(C); *see also Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (stating that under Rule 904(C), an "indigent

---

[8] Aside from Appellant's undeveloped allegation of Attorney Hurst's "incompetence on investigating Appellant's case," Appellant provides no support for his claim. Appellant's Brief at 12. Nor did he raise such issue in his Pa.R.A.P. 2116(a) statement of questions involved. Consequently, Appellant did not preserve his ineffectiveness claim for appellate review. *See Commonwealth v. Armolt*, 294 A.3d 364, 379 (Pa. 2023) ("[M]ere issue spotting without sufficient analysis or legal support precludes appellate review."); *Commonwealth v. Garland*, 63 A.3d 339, 342 (Pa. Super. 2013) (finding waiver of appellant's issue and citing Rule 2116(a), which provides that "[n]o questions will be considered unless they are stated in the statement of questions involved or are fairly suggested thereby.").

petitioner's right to counsel must be honored regardless of the merits of his underlying claims … so long as the petition in question is his first." (citations omitted)). Rule 904 further provides that "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from disposition of the petition for post-conviction collateral relief." Pa.R.Crim.P. 904(F)(2); **see also Commonwealth v. Smith**, 121 A.3d 1049, 1053 (Pa. Super. 2015).

> This Court has explained that
>
> ["a] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process." **Commonwealth v. Robinson**, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) (citations omitted); **see also** Pa.R.Crim.P. 904(C). However, this Court has recognized that **there are limits on this rule-based right**.
>
> > [W]hen counsel has been appointed to represent a petitioner in [PCRA] proceedings as a matter of right under [Rule 904(C),] and when that right has been fully vindicated by counsel being permitted to withdraw under the procedure authorized in **Turner**[/**Finley**], **new counsel shall not be appointed** and the petitioner, or appellant, must thereafter look to his or her own resources for whatever further proceedings there might be.
>
> **Commonwealth v. Maple**, 559 A.2d 953, 956 (Pa. Super. 1989) (footnote omitted[; emphasis added]).

**Commonwealth v. Gibson**, 318 A.3d 927, 933 (Pa. Super. 2024) (emphasis added; some citations modified). **But see** Pa.R.Crim.P. 904(E) (providing a court is permitted to appoint counsel to represent a defendant "whenever the interests of justice require it.").

PCRA counsel is permitted to withdraw at any stage of the collateral proceedings if they comply with **Turner**/**Finley**. **Commonwealth v. Bishop**, 645 A.2d 274, 275 (Pa. Super. 1994). In that circumstance, a "petitioner then may proceed *pro se*, by privately retained counsel, or not at all." **Id.** (citation omitted); **see also Rykard**, 55 A.3d at 1182, 1183 n.1 (citing **Maple**, 559 A.2d at 956, and holding that the PCRA court improperly appointed new counsel for petitioner, where the PCRA court had permitted petitioner's prior PCRA counsel to withdraw under **Turner**/**Finley**).

This Court's recent decision in **Gibson**, **supra** is instructive. There, the PCRA court 1) dismissed the petitioner's (Petitioner) first, timely PCRA petition, after issuing a Rule 907 notice; and 2) granted the request of Petitioner's appointed PCRA counsel (PCRA Counsel) to withdraw, pursuant to **Turner**/**Finley**. **Gibson**, 318 A.3d at 932; **see also id.** (observing PCRA Counsel's **Turner**/**Finley** petition "addressed [Petitioner's] numerous claims of ineffective assistance of counsel and concluded that none had merit."). Petitioner subsequently requested the appointment of new counsel, which the PCRA court denied. **Id.** The PCRA court thereafter dismissed the PCRA petition without a hearing, and Petitioner appealed to this Court. **Id.**

On appeal, Petitioner claimed, *inter alia*, "the PCRA court erred in denying his request to appoint new appellate counsel." **Id.** at 933; **see also id.** (explaining the law regarding Pa.R.Crim.P. 904(C)). We rejected Petitioner's claim and held that "once the [PCRA] court permits PCRA counsel

to withdraw after filing a **Turner**/**Finley** 'no-merit' letter, an appellant is **no longer entitled to the appointment of counsel** on appeal." **Id.** (emphasis added) (quoting **Commonwealth v. Shaw**, 217 A.3d 265, 268 n.3 (Pa. Super. 2019)). The **Gibson** Court further stated that Petitioner had

> failed to raise any specific reason either that [PCRA C]ounsel's withdrawal was improper, or why [PCRA C]ounsel was ineffective. [Petitioner] has presented no basis upon which to disturb the PCRA court's ruling on PCRA [C]ounsel's motion to withdraw pursuant to **Turner**/**Finley**.

**Gibson**, 318 A.3d at 933; **see also id.** ("[T]here were no meritorious issues" that Petitioner could raise).

Instantly, as set forth above, the PCRA court granted Attorney Hurst's petition to withdraw after correctly determining she had complied with **Turner**/**Finley**. Appellant's sole claim of error thus lacks merit, as he was no longer entitled to counsel after the PCRA court permitted Attorney Hurst to withdraw under **Turner**/**Finley**. **See Gibson**, 318 A.3d at 933; **Shaw**, 217 A.3d at 268 n.3; **Maple**, 559 A.2d at 956. Further, like the situation in **Gibson**, 1) Appellant "has presented no basis upon which to disturb the PCRA court's ruling on [Attorney Hurst's] motion to withdraw pursuant to **Turner**/**Finley**"; and 2) "there were no meritorious issues" that Appellant could raise. **Gibson**, 318 A.3d at 933. Finally, as all of Appellant's PCRA claims lack merit, it cannot be said that "the interests of justice require[d]" the appointment of new counsel following Attorney Hurst's withdrawal, after her full compliance with **Turner**/**Finley**. Pa.R.Crim.P. 904(E).

Based on the foregoing, we affirm the PCRA court's order dismissing Appellant's first PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/03/2025